UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Bankruptcy No. 04-24694 SBB |
| KERRY R. BRAMAN | ) | Chapter 7 |
| SS#: xxx-xx-3526 | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| KRISTINE WEBER, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 04-1997 SBB |
| | ) | |
| KERRY R. BRAMAN, | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, ORDER AND JUDGMENT

THIS MATTER came before the Court on August 10, 2005, for trial on Plaintiff's complaint to determine dischargeability of debt under section 523(a)(15) of the Bankruptcy Code. The Plaintiff was present in person and represented by her attorney, Allen R. Schwartz. The Defendant was present in person and represented by his attorney Thomas Ridgely. At the commencement of the hearing, the Court having first taken up for consideration Plaintiff's Motion to Compel and for Sanctions filed on July 29, 2005, the Court having reviewed the said Motion and the file herein, and having heard the arguments of counsel and otherwise being duly advised herein, makes the following findings of fact, conclusions of law, orders and judgment.

Plaintiff filed her motion to compel and for sanctions about 12 days ago. The Defendant has not filed a response in writing to the Plaintiff's motion to compel, partially as a result of the motion being filed so closely before the trial date. But the motion follows a series of documents and communications whereby the Plaintiff has sought timely and effectively to have documents submitted to her, including the original request for production of documents filed March 17, 2005 and served on the Defendant, and the supplement to the request for production of documents which pertained primarily to the successor business of the Defendant and filed and served on the Defendant on April 19, 2005. There has been no written response to either document between March 17, 2005 and through today, August 10, 2005.

It is also undisputed that there were two letters sent by Plaintiff's counsel to Defendant's counsel dated May 12, 2005 and June 29, 2005 as a follow up to the requests for production of

documents delineating the information needed but not submitted and requesting more compliance and better cooperation. There was no response to either of those letters.

The Court entered an Order dated December 22, 2004, which among other things, informed both parties of certain deadlines by which discovery and pre-trial procedures were to have been accomplished. Discovery was to have been completed by May 17, 2005. In that Order, at two different places, the parties were informed that the failure to timely disclose or the submission of incomplete, false or misleading disclosures may result in rule 37(c) sanctions, and further that the failure to comply with the Order and/or the procedures identified therein may result in the denial of requested relief and/or imposition of appropriate sanctions pursuant to Fed.R.Bankr.P. rules 7016 and 7037.

On June 30, 2005, Plaintiff filed a motion for extension of time to complete disclosures, file pre-trial statement and to continue trial date, articulating in some detail the failure of the defendant to produce documents and supply information and otherwise cooperate in discovery. This Court denied that motion on July 8, 2005, because the trial date was firm, the complaint had been filed in October, 2004, the matter had been pending for quite a long period of time, the parties had ample time to conclude discovery and the Defendant had ample time to have produced his documentation.

On at least five occasions the Plaintiff has specified documentation and information she needed to proceed with this trial. While some documentation was produced, the Plaintiff specified and delineated missing items material and intrinsically important in a 523(a)(15) dispute. There has never been a written response to Plaintiff's continued requests for certain documentation from this Defendant.

Significant and good faith efforts have been made to gather information by the Plaintiff and there has been very little compliance and continued resistance to producing the requested documentation.

The Court finds that Plaintiff has been seriously disadvantaged by failure to produce the documents. There has been ample time for the Defendant to respond and produce the documents and there has been repeated warnings that sanctions are available to the Court.

The Court further finds that the Defendant's failure to respond was not a simple oversight; it was a matter of continued resistance.

After the warnings in this Court's previous Order and because this Court believes that cooperation and meaningful exchanges of information are essential for the process to work, the Court determines that sanctions are appropriate pursuant to Fed.R.Civ.P. rule 37 and the Court will impose sanctions.

The Court therefore ORDERS that the Defendant be disallowed from producing any evidence at trial with regard to Defendant's defenses under sections 523(a)(15)(A) and 523(a)(15)(B) of the Bankruptcy Code.

Sections 523 (a)(15)(A) and (B) are affirmative defenses. The Defendant has admitted all material factual allegations with the exception of the affirmative defenses set forth in sections 523(a)(A) and (B). It therefore appears that judgment should enter in favor of the Plaintiff and against the Defendant and that the relief requested by the Plaintiff should be granted.

Entry of a default judgment against a party who fails to provide discovery or fails to respond to interrogatories or requests for production of documents is an acceptable sanction. *See, In re Rosmiller*, 991 F. 2d 806 (10th Cir., 1993) and *In re Jordana*, 232 B.R. 469 (10th Cir. BAP, 1999).

The Court further ORDERS that the findings and conclusions stated in open Court on August 10, 2005, are adopted and incorporated into this written Order.

IT IS THEREFORE ORDERED that judgment in the amount of $229,546.26 be, and hereby is, entered in favor of the Plaintiff and against the Defendant as requested. The debt owed to Plaintiff by Defendant is declared to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(15).

Dated this 22 day of August, 2005. nunc pro tunc 8/10/05

BY THE COURT:

_____
Sidney B. Brooks, Bankruptcy Judge